## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2018, 7:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Falk
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victoria Marie Tidwell, *Appellant-Defendant*, | November 26, 2018 |
| | Court of Appeals Case No. 18A-CR-1185 |
| v. | Appeal from the Hendricks Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Rhett Stuard, Judge |
| | Trial Court Cause No. 32D02-1706-CM-752 |

**Brown, Judge.**

Victoria Marie Tidwell appeals her convictions for dog bite liability resulting in injury and her convictions for harboring a non-immunized dog. Tidwell raises three issues including whether the State may bring a claim for restitution upon remand, whether the State presented sufficient evidence to sustain her convictions for dog bite liability resulting in injury, and whether double jeopardy precludes her convictions for harboring a non-immunized dog. We remand.

### Facts and Procedural History

On June 2, 2017, the State charged Tidwell with three counts of dog bite liability resulting in injury as class C misdemeanors as Counts I, II, and III. The State later amended Count I to a class A misdemeanor and added three counts of harboring a non-immunized dog as class B misdemeanors.

On April 6, 2018, the court held a bench trial and found Tidwell guilty as charged. The court asked the parties if there was any reason it should not proceed directly to sentencing, and counsel for each party indicated that there was no reason. The court sentenced Tidwell to concurrent sentences of ninety days for each count, suspended all ninety days, and placed her on probation for 365 days. The prosecutor asked for a hearing on restitution. Upon questioning by the court, the prosecutor indicated that he could participate in a hearing within a month. Tidwell's counsel stated in part that "even if restitution is entered, I don't believe she has the ability to make the – make the payments on the restitution." Transcript Volume II at 82. After some discussion, the court stated: "What we'll probably have to do, [Tidwell's counsel], is just make it a

civil judgment at that point, okay?" *Id.* The court asked Tidwell's counsel if she could be at a hearing on April 30th, and Tidwell's counsel responded affirmatively. The court scheduled a restitution hearing for April 30, 2018. The court informed Tidwell that she had the right to appeal the finding of guilt and sentence and must file a notice of appeal within thirty days. The court appointed the Hendricks County Public Defender's Office to represent her for purposes of appeal. That same day, the court entered a Judgment of Conviction, Sentencing Order and Order of Commitment which stated in part: "Hearing on Restitution Set 4-30-2018 at 10:30 A.M." Appellant's Appendix Volume II at 23 (capitalization omitted).

[4]     On April 30, 2018, the court held a hearing on restitution. After the presentation of evidence, Tidwell's counsel stated in part that "this case is up on appeal" and requested that any restitution be stayed pending disposition of that appeal.[1] Transcript Volume II at 102. The court indicated that it was not sure it had jurisdiction to enter restitution "at this point" and stated:

> We entered sentencing and – and there's a case <u>Wilson versus State</u>, 688 N.E.[2d] 1293, that tells me that if I don't give restitution at the time of sentencing, I – the only way I can hold it open is if there's a specific, uh, order that I – where I say, we're going to set this. Uh, I don't know that I did that. I – I know we mentioned it at sentencing. I know we talked about it – asked you about, uh, restitution, you said you'd like to come back at a different day and do that and I – you know I'd have to go back

---

[1] As pointed out by the State, the appeal to which Tidwell's counsel was referring is unclear as the notice of appeal which initiated this appeal was not filed until May 7, 2018.

and listen to exactly what was said. Uh, but let's assume that I did say we're going to – we're going to keep sentencing open for another day which would, I think, under the <u>Wilson</u> case, might preserve it for today's date, uh, I think that the best thing for us to do at this point is stay any award of damages – not damages, restitution, uh, in this case till the appeal is complete and see what happens.

*Id.* at 103-104. On May 7, 2018, Tidwell filed a notice of appeal.

## *Discussion*

[5] To the extent the trial court cited *Wilson v. State*, 688 N.E.2d 1293 (Ind. Ct. App. 1997), and Tidwell mentions it on appeal, we note that the trial court's sentencing order in that case did not purport to retain any continuing jurisdiction over Wilson and the trial court lost its authority to modify Wilson's sentence. Unlike in *Wilson*, Tidwell's counsel did not object to the holding of a hearing on restitution when it was scheduled at the April 6, 2018 bench trial and the trial court's April 6, 2018 sentencing order explicitly states that a restitution hearing was scheduled for April 30, 2018. Under these circumstances and in the interest of judicial efficiency, we retain jurisdiction and remand for the trial court to issue an order regarding the State's request for restitution. After the trial court issues its order on restitution, we will address Tidwell's issues on the merits. Tidwell may file a revised brief, without a new notice of appeal, within thirty days of the issuance of the trial court's order on restitution and the State may file a revised brief within forty-five days of the trial court's order or thirty days of Tidwell's revised brief, whichever is later.

## *Conclusion*

[6] For the foregoing reasons, we remand for further proceedings consistent with this opinion.

[7] Remanded.

Altice, J., and Tavitas, J., concur.